## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

      ANGELA JEFFERSON-MCRAE,          CASE NO.:   16-02308-PMG

                  Debtor.

_____

## CHAPTER 13 PLAN

**CHECK ONE:**

_____      Debtor [1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case.   Any nonconforming provisions are deemed stricken.

____**X**____      The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions.   Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

1.    **MONTHLY PLAN PAYMENTS.**   Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date.   Debtor shall make payments to the Trustee for the period of **36** months.   If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the plan and may cause an increased distribution to the unsecured class of creditors.

    **A.**        $1,128.00     from month one (1) through thirty-six (36).

To pay the following creditors:

2.    **ADMINISTRATIVE ATTORNEY'S FEES.**

| | |
|---|---|
| **Base Fees:** | **$4,400.00** |
| **Total Paid Pre-petition:** | **$925.00** |
| **Balance Due:** | **$3,475.00** |

---

[1].    All references to "Debtor" include and refer to both of the Debtors in a case filed jointly by two individuals.

**Estimated Additional Fees Subject to Court Approval:   $0.00**

**Attorney's Fees Payable through Plan $250.00 monthly for month one (1) through eleven (11), $125.00 for month twelve (12), and $25.00monthly for months thirteen (13) through thirty-six (36) (subject to adjustment).**

3.      **PRIORITY CLAIMS (As defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| N/A | | |
| | | |

4.      **TRUSTEE FEES.**   Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5.      **SECURED CLAIMS.**   Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

(A)      **Claims Secured by Real Property Which Debtor Intends to Retain/Mortgage Payments and Arrears, if any, Paid through the Plan.**   If the Plan provides for curing pre-petition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan.   These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each moth thereafter.   The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | | | | |

(B)    **Claims Secured by Real Property / Debtor Intends to Seek Mortgage Modification.**  Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead,* income-producing property, 75% of the gross rental income generated from the property:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Payment Amount |
|---|---|---|---|
| 7819 | Chase | 3435 Biltmore Way, Orange Park, FL 32065 | $644.80 |
| | | | |

(C)    **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.**  Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence.   A separate motion to determine secured status or to value the collateral must be filed.   The secured portion of the claim, estimated below, shall be paid:

| Last Four Digits of Acct. No. | Creditor | Collateral Descrip. / Address | Claim Amount | Value | Payment | Interest Rate |
|---|---|---|---|---|---|---|
| 0001 | Alive Credit Union | 2010 Honda Accord | $10,512.12 | $9,187.50 | $120.40 (1-11) $245.40 (12) $345.40 (13-35) $324.79 (36) | 4.500% |
| | | | | | | |

3

**(D)** **Claims Secured by Real Property and / or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest:

| Last Four Digit of Acct. No. | Creditor | Collateral Description / Address | Claim Amount | Payment | Interest Rate |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | | | | |

**(E)** **Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.**

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Payment | Arrearage |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |

**(F)** **Secured Claims / Lease Claims Paid Directly by Debtor.** The following secured claims / lease claims are being made via automatic debit / draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit / draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay directly in the Lease / Executory Contract Section 6 below).

| Last Four Digits of Acct. No. | Creditor | Property / Collateral |
|---|---|---|
| N/A | | |
| | | |

**(G)** **Liens to be Avoided pursuant to 11 U.S.C. § 522 / Stripped Off pursuant to 11 U.S.C. § 506.** A separate motion to avoid a lien under § 522 or to determine

secured status and to strip a lien under § 506 must be filed:

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| N/A | | |
| | | |

**(H)** **Surrender of Collateral / Leased Property.**   Debtor will surrender the following collateral / leased property.   The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.   (Note: The Plan must provide for the rejection of these claims in the Lease / Executory Contract section below).

| Last Four Digits of Acct. No. | Creditor | Property / Collateral to be Surrendered |
|---|---|---|
| N/A | | |
| | | |

**(I)** **Other Secured Claims.**   Debtor does not intend to make payments to the following secured creditors.   The automatic stay is terminated in rem as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| N/A | | |
| | | |

6.   **LEASES / EXECUTORY CONTRACTS:**

| Last Four Digits of Acct. No. | Creditor | Property | Assume / Reject Surrender | Estimated Arrears |
|---|---|---|---|---|

| N/A | | | | |
|-----|-----|-----|-----|-----|
| | | | | |

7.    **GENERAL UNSECURED CREDITORS.**   General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan.   The estimated dividend to unsecured creditors shall be no less than $0.00.

8.    **ADDITIONAL PROVISIONS.**

   (A)    Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

   (B)    Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

   (C)    Property of the estate (check one) *

      (1)                  _____          shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

      (2)                  **X**          shall vest in Debtor upon confirmation of the Plan.

      *    If Debtor fails to check (1) or (2) above, or if Debtor checks both (1) and (2), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

   (D)    The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and / or the proofs of claim as filed and allowed.   The Trustee shall only pay creditors with filed and allowed proof of claims.   An allowed proof of claim will control, unless the Court orders otherwise.

   (E)    The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions.   The actual distributions may vary.   If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

(F)   Debtor shall timely file all tax returns and make all tax payments and deposits when due.   (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect).   For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return.   Unless otherwise ordered consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments.   Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.   **Debtor shall spend no tax refunds without first having obtained the Trustee's consent or court approval.**

9.   **NONCONFORMING PROVISIONS:**

1. All timely plan payments received by the Chapter 13 Trustee are deemed timely payment to each creditor.

2. Any post-petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the completion of the plan, unless specifically provided for in this plan, or by further Order of Court on month filed pursuant to F.R.B.P. Rule 3002.1(c), prior to the completion of the plan.

3. If the Debtor has surrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days of the date of Order Confirming Chapter 13 Plan, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

*/s/ Angela Jefferson-McRae*                    Dated: July 1, 2016
Angela Jefferson-McRae, Debtor


DATED:   This 1st day of July, 2016.

                                    CANDYCE M. KING, P.A.
                                    /s/ Candyce M. King
                                    Candyce M. King
                                     Florida Bar Number 307210
                                    Sarah A. Mannion
                                    Florida Bar Number 103087
                                    2219 Park Street
                                    Jacksonville, Fl 32204
                                    904/387-9886; Fax 904/387-9862
                                    Attorney for Debtor
                                    *kingcandyce@bellsouth.net*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Chapter 13 Plan was provided electronically or by U.S. Mail, postage pre-paid, to all creditors and parties in interest on the attached mailing matrix this 1st day of July, 2016.

<div style="margin-left:40%">

CANDYCE M. KING, P.A.
/s/ Candyce M. King
Candyce M. King
 Florida Bar Number 307210
Sarah A. Mannion
Florida Bar Number 103087
2219 Park Street
Jacksonville, Fl 32204
904/387-9886; Fax 904/387-9862
Attorney for Debtor
*kingcandyce@bellsouth.net*

</div>

| 16-02308 Jefferson-McRae | 1st Pmt Due 7/20/2016 | Plan Mths 36 | Unsec pct 0.039% | Unsec Amt $52,375.40 | Trustee % 10.0% | ATTY Fee | Chase | Alive Credit Union |
|---|---|---|---|---|---|---|---|---|
| | Unsecured | | | Debtor Pmt | Tee Fee | $3,475.00 | $121,291.00 | $9,838.79 |
| **TOTALS** | **$20.61** | | | **$40,608.00** | **$4,060.80** | $3,475.00 | $23,212.80 | $9,838.79 |
| | | 36 | | | | | | |
| 7/20/2016 | $0.00 | 1 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 8/20/2016 | $0.00 | 2 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 9/20/2016 | $0.00 | 3 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 10/20/2016 | $0.00 | 4 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 11/20/2016 | $0.00 | 5 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 12/20/2016 | $0.00 | 6 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 1/20/2017 | $0.00 | 7 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 2/20/2017 | $0.00 | 8 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 3/20/2017 | $0.00 | 9 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 4/20/2017 | $0.00 | 10 | | $1,128.00 | $112.80 | $250.00 | $644.80 | $120.40 |
| 5/20/2017 | $0.00 | 11 | | $1,128.00 | $112.80 | 11 at $250.00 | $644.80 | 11 at $120.40 |
| 6/20/2017 | $0.00 | 12 | | $1,128.00 | $112.80 | 1 at $125.00 | $644.80 | 1 at $245.40 |
| 7/20/2017 | $0.00 | 13 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 8/20/2017 | $0.00 | 14 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 9/20/2017 | $0.00 | 15 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 10/20/2017 | $0.00 | 16 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 11/20/2017 | $0.00 | 17 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 12/20/2017 | $0.00 | 18 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 1/20/2018 | $0.00 | 19 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 2/20/2018 | $0.00 | 20 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 3/20/2018 | $0.00 | 21 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 4/20/2018 | $0.00 | 22 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 5/20/2018 | $0.00 | 23 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 6/20/2018 | $0.00 | 24 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 7/20/2018 | $0.00 | 25 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 8/20/2018 | $0.00 | 26 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 9/20/2018 | $0.00 | 27 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 10/20/2018 | $0.00 | 28 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 11/20/2018 | $0.00 | 29 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 12/20/2018 | $0.00 | 30 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 1/20/2019 | $0.00 | 31 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 2/20/2019 | $0.00 | 32 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 3/20/2019 | $0.00 | 33 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 4/20/2019 | $0.00 | 34 | | $1,128.00 | $112.80 | $25.00 | $644.80 | $345.40 |
| 5/20/2019 | $0.00 | 35 | | $1,128.00 | $112.80 | $25.00 | $644.80 | 23 at $345.40 |
| 6/20/2019 | $20.61 | 36 | 36 at | $1,128.00 | $112.80 | 24 at $25.00 | 36 at $644.80 | 1 at $324.79 |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $0.00 | | | | $0.00 | | | |
| | $20.61 | | | $40,608.00 | $4,060.80 | $3,475.00 | $23,212.80 | $9,838.79 |
| Unsec Amt | $52,375.40 | | | | | | | |
| | 0.039% | | | | | | | |

| | | |
|---|---|---|
| Total Paid | $ | - |
| Plan pays to date | $ | - |
| Total Plan pays | $ | - |
| | $ | - |

Label Matrix for local noticing
113A-3
Case 3:16-bk-02308-PMG
Middle District of Florida
Jacksonville
Fri Jul  1 14:59:55 EDT 2016

JPMorgan Chase Bank, National Association
c/o Elizabeth Eckhart
4630 Woodland Corp. Blvd., Ste. 100
Tampa, FL 33614-2429

Angela Jefferson-McRae
3435 Biltmore Way
Orange Park, FL 32065-2286

Accel Recv M
3219 Atlantic Blvd
Jacksonville, FL 32207-8901

Advance America
6251 Argyle Forest Blvd
Suite 108
Jacksonville, FL 32244-8925

Alive Credit Union
9790 Touchton Road
Jacksonville, FL 32246-8227

Chase
PO Box 24696
Columbus, OH 43224-0696

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

Clay County Tax Collector
Post Office Box 218
Green Cove Springs FL 32043-0218

Comenity Bank/Lane Bryant
4590 E Broad Street
Columbus, OH 43213-1301

Credit Collections Svc
PO Box 773
Needham Heights, MA 02494-0918

(p)DIRECTV LLC
ATTN BANKRUPTCIES
PO BOX 6550
GREENWOOD VILLAGE CO 80155-6550

ER Solutions/Convergent
Outsourcing, Inc
PO Box 9004
Renton, WA 98057-9004

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

GECRB/Belk
PO Box 965028
Orlando, FL 32896-5028

GECRB/Dillards
Attn: Bankruptcy
PO Box 103104
Roswell, GA 30076-9104

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

Kohls/Capital One
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051-5660

Memorial Hospital Jacksonvil
3625 University Blvd South
Jacksonville, FL 32216-4222

(p)CREDITORS BANKRUPTCY SERVICE
PO BOX 800849
DALLAS TX 75380-0849

Navy FCU
Attention: Bankruptcy
PO Box 3000
Merrifield, VA 22119-3000

Navy Federal CU
1 Security Place
Merrifield, VA 22116

Navy Federal CU
PO Box 3700
Merrifield, VA 22119-3700

Quantum3 Group LLC as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA  98083-0788

United States Attorney
300 North Hogan St Suite 700
Jacksonville, FL 32202-4204

(p)VYSTAR CREDIT UNION
PO BOX 45085
JACKSONVILLE FL 32232-5085

Candyce M. King +
Candyce M. King, P.A.
2219 Park Street
Jacksonville, FL 32204-4315

United States Trustee - JAX 13/7 7+
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Douglas W. Neway +
P O Box 4308
Jacksonville, FL 32201-4308

Elizabeth Eckhart +
Shapiro, Fishman & Gache
4630 Woodland Corporate Blvd
Suite 100
Tampa, FL 33614-2429

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Citibank USA                        Direct TV                        Military Star
Citicorp Credit Services            PO Box 6550                      3911 S Walton Walker Bl
PO Box 20507                        Englewood, CO 80155              Dallas, TX 75236
Kansas City, MO 64195

(d)Military Star                    VyStar Credit Union
3911 S Walton Walker Blv            PO Box 45085
Dallas, TX 75236                    Jacksonville, FL 32232

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Paul M. Glenn                    End of Label Matrix
Jacksonville                        Mailable recipients    31
                                    Bypassed recipients     1
                                    Total                  32